**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT BAER and ALFRED O'MEARA, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>SHIFT4 PAYMENTS, INC., and JARED ISAACMAN,<br><br>        Defendants. | Case No. 5:23-cv-03206-JFL<br><br>Hon. Joseph F. Leeson, Jr. |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

Lead Plaintiff Robert Baer and Plaintiff Alfred O'Meara ("Plaintiffs") respectfully submit the following opposition to the Request for Incorporation by Reference and Judicial Notice in Support of Motion to Dismiss (the "Request"), filed by Defendants Shift4 Payments, Inc. ("Shift4" or the "Company") and Jared Isaacman (collectively, "Defendants") (ECF No. 39-5).

**I.      INTRODUCTION**

Defendants seek incorporation by reference and/or judicial notice with respect to 16 exhibits ("Exhibits" or "Ex.") in further support of their motion to dismiss the Amended Class Action Complaint ("Amended Complaint") (ECF No. 39). Although Plaintiffs take no position with respect to Defendants' Request for incorporation by reference and/or judicial notice with respect to most of the Exhibits, the Court should deny Defendants' request for judicial notice of Exhibits 4 (the "Yahoo Chart!") and 14 (the "Forbes Profile"). Specifically, Exhibits 4 and 14 purport to be "a chart reflecting the historical stock price of Shift4 common stock" and "the Forbes

profile of Jared Isaacman as of February 19, 2024." Request at 2-3. However, as explained below, these exhibits are irrelevant for adjudicating the motion to dismiss before this Court. Accordingly, Defendants' request for judicial notice of Exhibits 4 and 14 should be denied.

## II.     THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF EXHIBITS 4 AND 14 BECAUSE THEY ARE IRRELEVANT

Defendants bear the burden of establishing "that the facts requested [to be noticed] are relevant to the case at hand." *Bodnar v. Amco Ins. Co.*, 2014 WL 3428877, at *5 (M.D. Pa. July 11, 2014). Indeed, even documents that otherwise may be the proper subject of judicial notice under Federal Rule of Evidence 201 need not be judicially noticed if not relevant to resolving a motion to dismiss currently before the Court. *Innovative Polymer Techs., LLC v. Innovation Works, Inc.*, 2018 WL 1701335, at *1 n.2 (W.D. Pa. Apr. 6, 2018) (citing *In re Congoleum*, 426 F.3d 675, 679 n.2 (3d Cir. 2005)); *Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1115 (S.D. Cal. 2018) ("[T]he Court need not take notice of documents that do not provide any additional relevant information, even if they would otherwise be the proper subject of judicial notice."); *Macklin v. Hollingsworth*, No. 2:10-CV-1097 MCE KJN, 2014 WL 4417770, at *4 (E.D. Cal. Sept. 8, 2014) ("the court declines to take judicial notice . . . because none of those documents have any relevance to defendants' motion to dismiss currently before the court").

Defendants' support for the propriety of their Request is notably threadbare. Defendants' request for judicial notice of Exhibit 14 (Forbes Profile) is irrelevant and should be denied.[1] Request at 3; *PG Pub. Co. v. Aichele*, 902 F. Supp. 2d 724, 735 (W.D. Pa. 2012) (declining to take judicial notice of irrelevant information), *aff'd*, 705 F.3d 91 (3d Cir. 2013). Defendants contend that Isaacman is a wealthy man and therefore did not have motive to commit securities fraud. *See*

---

[1] Defendants misidentify Exhibit 14 (Forbes Profile) as Exhibit 12 in their Request. *See* Request at 9 ("the court should take judicial notice of ***Exhibit 12 (Forbes Profile)***") (Emphasis added).

MTD at 20.[2] Indeed, Defendants rely on the Forbes Profile in their motion to dismiss for the misguided proposition that Isaacman would not "have been motivated to commit fraud" because "Isaacman is the majority shareholder in a company worth billions of dollars." *Id.*  However, this argument carries no weight as "a rich man's greed is as much a motive to steal as a poor man's poverty." *United States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011) (denying government's attempt to introduce evidence to show that defendant was wealthy). Accordingly, Defendants' request for judicial notice of Exhibit 14 should be denied.

Defendants also request that Exhibit 4 (Yahoo! Chart) be judicially noticed for purposes that are irrelevant to their motion to dismiss. They rely on the Yahoo! Chart to contend that Shift4's share price was "nearly $70 as of the filing of the Amended Complaint" on January 5, 2024. MTD at 2. However, the Class Period ends on April 18, 2023—approximately 8.5 months before the January 5, 2024 filing of the Amended Complaint. Therefore, the stock price as of the Amended Complaint's filing date is wholly irrelevant. *Kamden-Ouaffo v. Hucarro*, 2017 WL 11724428, at *2 (D.N.J. Jan. 13, 2017) ("[c]ourts are not required to take judicial notice of irrelevant materials") (internal quotation marks and citation omitted). Similarly, Defendants contend that after the release of the Blue Orca Report, the Company's stock price "quickly recovered … less than two weeks later on May 1, 2023." *See* MTD at 5, 23. Again, the stock price on May 1, 2023 is irrelevant because the Class Period ends almost two weeks before that date. *See In re Par Pharm. Sec. Litig.*, 2009 WL 3234273, at *10 (D.N.J. Sept. 30, 2009) (rejecting loss causation argument that Company's stock price fully recovered on a motion to dismiss); *see also In re Allergan Generic Drug Pricing Sec. Litig.*, 2019 WL 3562134, at *14 (D.N.J. Aug. 6, 2019) (holding that at the

---

[2] "MTD" refers to Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 39-2).

pleading stage, "factual issues such as the market's rate of recovery are inappropriate for consideration.").

Additionally, while relying on the Yahoo! Chart, Defendants contend that Shift4's stock price did not decline upon the publication of the restated financials on November 8, 2022. *See* MTD at 4-5, 22. Defendants argue that the Company's October 21, 2022 disclosure was not corrective because when the actual restatement was published weeks later on November 8, 2022, the stock price increased. *See* MTD at 22. But November 8, 2022 is not the alleged corrective disclosure date and by then, "the market had already incorporated [the news disclosed on October 21, 2022] that the previously released financial statements could not be relied upon." *In re Bradley Pharm., Inc. Sec. Litig.*, 421 F. Supp. 2d 822, 829 (D.N.J. 2006). As such, the Yahoo! Chart is irrelevant and should not be judicially noticed *for the purposes Defendants seek*.

Furthermore, even if the Court were to take judicial notice of Exhibits 4 and 14, this Circuit has found that "*[s]uch notice serves only to indicate what was in the public realm at the time, not whether the contents of those documents are true.*" *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 497 (E.D. Pa. 2018) (internal quotation marks and citation omitted) (emphasis added); *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (same). But what was in the public realm after April 18, 2023 (the end of the Class Period), is completely irrelevant with respect to whether Defendants committed securities fraud during the Class Period.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for judicial notice of Exhibits 4 (Yahoo Chart!) and 14 (Forbes Profile).

4

Dated: March 20, 2024

Respectfully submitted,

**POMERANTZ LLP**

 */s/ Brenda Szydlo*
Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
Emily C. Finestone (SBN 323709)
Dean P. Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
bszydlo@pomlaw.com
efinestone@pomlaw.com
dferrogari@pomlaw.com

**THE SCHALL LAW FIRM**
Rina Restaino (admitted *pro hac vice*)
Angus F. Ni (admitted *pro hac vice*)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
rina@schallfirm.com
angus@moni.law

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Additional Counsel for Plaintiff Alfred O'Meara*

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

Dated:  March 20, 2024

_/s/ Brenda Szydlo_____
Brenda Szydlo

1