**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT BAER and ALFRED O'MEARA, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiffs,<br>       v.<br>SHIFT4 PAYMENTS, INC., and JARED ISAACMAN,<br>                      Defendants. | Case No. 5:23-cv-03206-JFL<br><br>Hon.  Joseph F. Leeson, Jr. |

**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE**

## I.  INTRODUCTION

Plaintiffs concede that this Court should consider 14 of the 16 Exhibits submitted by Defendants in connection with their motion to dismiss Plaintiffs' complaint.  *See* Plaintiffs' Opposition to Defendants' Request for Incorporation by Reference and Judicial Notice (ECF No. 40-2, "RJN Opp.").  For the two Exhibits Plaintiffs argue the Court should not consider (Exhibits 4 and 14), Plaintiffs appear only to take issue with the Exhibits' relevance.  *Id.* at 2-4.  Plaintiffs do not question the accuracy of Exhibits 4 and 14, nor do they argue that the two publicly available documents are not readily located from sources whose accuracy cannot reasonably be questioned. That is all that Federal Rule of Evidence 201 requires, and Plaintiffs' opposition fails.

## II.  ARGUMENT

### A.  Plaintiffs Do Not Oppose Consideration Of Nearly All Of The Exhibits

Plaintiffs do not oppose the Court's consideration of Exhibits 1 through 3, 5 through 13, 15 and 16 under the doctrine of incorporation by reference, judicial notice, or both.  The Court should therefore consider the content and context of those documents in adjudicating Defendants'

motion to dismiss. *Alberici v. Recro Pharma, Inc.*, 2020 WL 806719, at *7 (E.D. Pa. Feb. 14, 2020) (finding party's request for judicial notice need not be evaluated where no opposition to request was filed); *McLaughlin v. Bayer Corp.*, 2017 WL 697047, at *4  n.5 (E.D. Pa. Feb. 21, 2017) (court considered several documents submitted by defendants as plaintiffs did not oppose its consideration of the documents or question their authenticity).

**B.      Exhibits 4 And 14 Provide The Court Relevant Context For Plaintiffs'
Claims**

As to Exhibits 4 and 14, Plaintiffs do not dispute the accuracy or reliability of either Exhibit or its source, nor do they challenge that these Exhibits are a matter of public record. *See* RJN Opp. at 2-4. Plaintiffs' sole objection is that, in their opinion, Exhibits 4 and 14 are "irrelevant." *Id.* at 2. But while neither Exhibit is necessary for the Court to dismiss Plaintiffs' claims, each Exhibit provides necessary context for Plaintiffs' deficient allegations that distort reality, and the Court should consider Exhibits 4 and 14 in adjudicating Defendants' motion.

**Exhibit 4 (Yahoo! Chart).**  Courts routinely take judicial notice of a public company's historical stock price, as that information is both publicly available and cannot reasonably be questioned. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (holding that courts may judicially notice "stock price data compiled by [a reliable financial] news service"); *In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 264 n.3 (3d Cir. 2005) ("We can take judicial notice of [a company's] stock prices . . . because these facts are not subject to reasonable dispute [and are] capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned"); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 600 n.3 (3d Cir. 2000) (taking judicial notice of stock prices). This is particularly true in a securities fraud case where Plaintiffs' whole theory of loss causation depends on the allegation that Shift4's stock price declined on the revelation of some previously undisclosed "truth." *See Janbay v. Canadian Solar, Inc.*, 2012 WL

2

1080306, at *14 (S.D.N.Y. Mar. 30, 2012) (plaintiffs must plead facts sufficient to show "relevant truth" of challenged statement caused stock price decline when revealed).

Plaintiffs argue Shift4's stock price performance after the end of Plaintiffs' alleged class period (April 18, 2023) is irrelevant, RJN Opp. at 3, but Plaintiffs ignore the courts that have considered a stock price's rapid recovery after a purported corrective disclosure—like what happened here—in adjudicating loss causation in connection with a motion to dismiss. *See, e.g., Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1197 (9th Cir. 2021) (rapid recovery in stock price undermines loss causation); *Bajjuri v. Raytheon Techs. Corp.*, 2023 WL 3650554, *17 (D. Ariz. May 25, 2023) (loss causation claims insufficient where "the drop was modest, and the stock price recovered quickly"). And Plaintiffs' other argument—that the increase of Shift4's stock price when its financial statements were restated during the class period is irrelevant, RJN Opp. at 4— is nothing more than a desire avoid the Court considering reality in adjudicating the motion to dismiss because that reality undermines Plaintiffs' unsupported theory of fraud. That is not what the federal rules permit.

Plaintiffs cannot avoid the Court considering the content and context of publicly available information for what was known to the market in connection with a motion to dismiss just because it does not fit Plaintiffs' misleading presentation of their theory. Because Plaintiffs do not—and cannot—argue that Exhibit 4 cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), the Court should consider this Exhibit in adjudicating Defendants' motion to dismiss.

**Exhibit 14 (Forbes Profile).** Consideration of Exhibit 14, a publicly available Forbes profile on Mr. Isaacman, is similarly proper under Federal Rule of Evidence 201(b)(2). *See Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)

("We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants."). Plaintiffs again do not dispute the accuracy or reliability of Exhibit 14, and instead repeat that they believe Exhibit 14 is irrelevant. RJN Opp. at 3. But Plaintiffs' allegations make Mr. Isaacman's wealth relevant. Key to Plaintiffs' fraud theory is the allegation that Mr. Isaacman engaged in a fraudulent scheme from at least 2020 in order to avoid having to pay back a margin loan for some unstated amount based on an unidentified hypothetical threat from the unnamed lender at some point in 2022. But Plaintiffs ignore that Mr. Isaacman is both Shift4's largest shareholder and a billionaire. Investors would be aware of that information including through public articles like the Forbes Profile in Exhibit 14, and in turn, would consider that information alongside information about Mr. Isaacman's publicly disclosed margin loan. Again, because Plaintiffs do not challenge that Exhibit 14 "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), the Court can consider Exhibit 14 for the information that was provided to the market.

## III.    CONCLUSION

Defendants request that the Court consider each of their Exhibits in connection with adjudicating Defendants' motion to dismiss.

4

Dated: April 19, 2024

**FITZPATRICK LENTZ & BUBBA, P.C.**

/s/ Joshua A. Gildea
Joshua A. Gildea (SBN 205911)
Two City Center
645 West Hamilton Street, Suite 800
Allentown, Pennsylvania 18101
Telephone: (610) 797-9000
jgildea@flblaw.com

**LATHAM & WATKINS LLP**

Melanie M. Blunschi (admitted *pro hac vice*)
Daniel R. Gherardi (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
melaine.blunschi@lw.com
daniel.gherardi@lw.com

Benjamin Naftalis (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
benjamin.naftalis@lw.com

*Attorneys for Defendants*

5