# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ROBERT BAER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SHIFT4 PAYMENTS, INC., and JARED ISAACMAN,<br><br>Defendants. | Case No.  5:23-cv-03206-JFL<br><br>Hon. Joseph F. Leeson, Jr. |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

**POMERANTZ LLP**
Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
Emily C. Finestone (SBN 323709)
Dean P. Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
bszydlo@pomlaw.com
efinestone@pomlaw.com
dferrogari@pomlaw.com

**THE SCHALL LAW FIRM**
Rina Restaino (admitted *pro hac vice*)
Angus F. Ni (admitted *pro hac vice*)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (310) 301-3335
rina@schallfirm.com
angus@moni.law

*Co-Lead Counsel for Plaintiff and the Proposed Class*

Lead Plaintiff Robert Baer ("Plaintiff") respectfully submits the following opposition to the Request for Incorporation by Reference and Judicial Notice in Support of Motion to Dismiss (the "Request"), filed by Defendants Shift4 Payments, Inc. ("Shift4" or the "Company") and Jared Isaacman (collectively, "Defendants") (ECF No. 50-5).

## I.    INTRODUCTION

Defendants seek incorporation by reference and/or judicial notice with respect to 13 exhibits ("Exhibits" or "Ex.") in further support of their motion to dismiss the Second Amended Complaint. ECF No. 50.  Although Plaintiff takes no position with respect to Defendants' Request for incorporation by reference and/or judicial notice with respect to most of the Exhibits, the Court should deny Defendants' request for judicial notice of Exhibits 3 (the "Yahoo Chart!") and 7 (the "Forbes Profile"). Specifically, Exhibits 3 and 7 purport to be "a chart reflecting the historical stock price of Shift4 common stock" and "the Forbes profile for Jared Isaacman as of February 19, 2024." Request at 1-2. However, as explained below, these Exhibits are irrelevant for adjudicating the motion to dismiss before this Court. Accordingly, Defendants' request for judicial notice of Exhibits 3 and 7 should be denied.

## II.    THE COURT SHOULD DENY DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF EXHIBITS 3 AND 7 BECAUSE THEY ARE IRRELEVANT

Defendants bear the burden of establishing "that the facts requested [to be noticed are] relevant to the case at hand." *Bodnar v. Amco Ins. Co.*, 2014 WL 3428877, at *5 (M.D. Pa. July 11, 2014). Indeed, even documents that otherwise may be the proper subject of judicial notice under Federal Rule of Evidence 201 need not be judicially noticed if not relevant to resolving a motion to dismiss currently before the Court. *See Innovative Polymer Techs., LLC v. Innovation Works, Inc.*, 2018 WL 1701335, at *1 n.2 (W.D. Pa. Apr. 6, 2018) (citing *In re Congoleum*, 426 F.3d 675, 679 n.2 (3d Cir. 2005)); *Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1115 (S.D.

1

Cal. 2018) ("[T]he Court need not take notice of documents that do not provide any additional relevant information, even if they would otherwise be the proper subject of judicial notice."); *Macklin v. Hollingsworth*, 2014 WL 4417770, at *4 (E.D. Cal. Sept. 8, 2014) ("the court declines to take judicial notice . . . because none of those documents have any relevance to defendants' motion to dismiss currently before the court").

Defendants' support for the propriety of their Request is notably threadbare. Defendants' request for judicial notice of Exhibit 7 (Forbes Profile) is irrelevant and should be denied. *See* Request at 7; *PG Pub. Co. v. Aichele*, 902 F. Supp. 2d 724, 735 (W.D. Pa. 2012) (declining to take judicial notice of irrelevant information contained in news article), *aff'd*, 705 F.3d 91 (3d Cir. 2013). Defendants contend that Isaacman is a wealthy man and therefore did not have motive to commit securities fraud.[1] *See* MTD at 11 ("Isaacman is a billionaire and it is not plausible he would commit fraud"). Indeed, Defendants rely on the Forbes Profile in their motion to dismiss for the misguided proposition that "Plaintiff's scienter theory is irreconcilable with the fact that Mr. Isaacman is a billionaire and Shift4's majority shareholder." *Id.* at 13. This argument, however, carries no weight as "a rich man's greed is as much a motive to steal as a poor man's poverty." *United States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011) (denying government's attempt to introduce evidence to show that defendant was wealthy). Accordingly, Isaacman's wealth is irrelevant as to motive and Defendants' request for judicial notice of Exhibit 7 should be denied. *See Sec. & Exch. Comm'n v. Goldstone*, 2016 WL 3654273, at *12 (D.N.M. June 13, 2016) (stating that while evidence that links a defendant's financial compensation to his possible motives for

---

[1] "MTD" refers to Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 50-1).

participating in an alleged fraud is relevant to proving fraud, the default rule is not to admit evidence of wealth because it is usually irrelevant and prejudicial).

Defendants also request that Exhibit 3 (Yahoo! Chart) be judicially noticed for purposes that are irrelevant to their motion to dismiss. Defendants rely on the Yahoo! Chart to contend that the Company was successful as "Shift4's share price increased from $23 at the time of the IPO[2] to $79.40 as of the filing of the [Second Amended Complaint]" on September 3, 2024. MTD at 2. However, the Class Period ends on October 21, 2022—almost *two years* before the September 3, 2024 filing of the Second Amended Complaint. Therefore, the stock price as of the Second Amended Complaint's filing date is wholly irrelevant for the purposes Defendants seek. *Kamden-Ouaffo v. Hucarro*, 2017 WL 11724428, at *2 (D.N.J. Jan. 13, 2017) ("[c]ourts are not required to take judicial notice of irrelevant materials") (internal quotation marks and citation omitted).

Additionally, while relying on the Yahoo! Chart, Defendants assert that Shift4's stock price did not decline upon the publication of the restated financials on November 8, 2022. *See* MTD at 5. But this has nothing to do with scienter, the only 10(b) element addressed in Defendants' motion. And this Court has already stated that it "agrees with Plaintiffs in that by November 8, 2022, the market had already incorporated [the news disclosed on October 21, 2022] that the previously released financial statements could not be relied upon." ECF No. 43 (Opinion), at 17 (internal quotation marks omitted); *see In re Bradley Pharm., Inc. Sec. Litig.*, 421 F. Supp. 2d 822, 829 (D.N.J. 2006). Defendants also assert the stock price "continued to climb every day through the following week, closing at $52.47 per share on November 25, 2022[.]" MTD at 5. Again, the stock

---

[2] "IPO" refers to Shift4's initial public offering on May 15, 2020. Shift4 began operating as a publicly traded company on June 5, 2020.

price the week leading up to, and on, November 25, 2022, is irrelevant for the purposes Defendants seek because the Class Period ends **one month** before that date.

Furthermore, even if the Court were to take judicial notice of Exhibits 3 and 7, this Circuit has found that "*[s]uch notice serves only to indicate what was in the public realm at the time, not whether the contents of those documents are true.*" *In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 497 (E.D. Pa. 2018) (internal quotation marks and citation omitted) (emphasis added); *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (same). But what was in the public realm after October 21, 2022 (the end of the Class Period), is completely irrelevant with respect to whether Defendants committed securities fraud during the Class Period.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request for judicial notice of Exhibits 3 (Yahoo Chart!) and 7 (Forbes Profile).

Dated: October 30, 2024

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Brenda Szydlo*
Brenda Szydlo (admitted *pro hac vice*)
Jeremy A. Lieberman (admitted *pro hac vice*)
Emily C. Finestone (SBN 323709)
Dean P. Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
bszydlo@pomlaw.com
jalieberman@pomlaw.com
efinestone@pomlaw.com
dferrogari@pomlaw.com

**THE SCHALL LAW FIRM**
Rina Restaino (admitted *pro hac vice*)
Angus F. Ni (admitted *pro hac vice*)
2049 Century Park East, Suite 2460

Los Angeles, California 90067
Telephone: (310) 301-3335
rina@schallfirm.com
angus@moni.law

*Co-Lead Counsel for Plaintiff and the Proposed
Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ Brenda Szydlo
Brenda Szydlo

6