**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT BAER, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:23-cv-03206-JFL |
| Plaintiff, | Hon.  Joseph F. Leeson, Jr. |
| v. | |
| SHIFT4 PAYMENTS, INC., and JARED ISAACMAN, | |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE**

**I.    INTRODUCTION**

Plaintiff concedes that this Court should consider 11 of the 13 Exhibits submitted by Defendants in connection with their motion to dismiss Plaintiff's Second Amended Complaint. *See* Plaintiff's Opposition to Defendants' Request for Incorporation by Reference and Judicial Notice in Support of Motion to Dismiss (ECF No. 51-5, "RJN Opp."). For the two Exhibits Plaintiff argues the Court should not consider (Exhibits 3 and 7), Plaintiff takes issue only with his disagreement about the Exhibits' relevance. *Id.* at 2-4. Plaintiff does not question the accuracy of Exhibits 3 and 7, nor does he argue that the two publicly available documents are not readily available from sources whose accuracy cannot reasonably be questioned. That is all that Federal Rule of Evidence 201 requires, and Plaintiff's opposition fails.

II.    **ARGUMENT**

A.    **Plaintiff Does Not Oppose Consideration Of Nearly All Of The Exhibits**

Plaintiff does not oppose the Court's consideration of Exhibits 1 and 2, 4 through 6, 8 through 13 under the doctrine of incorporation by reference, judicial notice, or both.  The Court should therefore consider the content and context of those documents in adjudicating Defendants' motion to dismiss.  *Alberici v. Recro Pharma, Inc.*, 2020 WL 806719, at *7 (E.D. Pa. Feb. 14, 2020) (finding party's request for judicial notice need not be evaluated where no opposition to request was filed); *McLaughlin v. Bayer Corp.*, 2017 WL 697047, at *4  n.5 (E.D. Pa. Feb. 21, 2017) (court considered several documents submitted by defendants as plaintiffs did not oppose its consideration of the documents or question their authenticity).

B.    **Exhibits 3 And 7 Provide The Court Relevant Context For Plaintiff's Claims**

As to Exhibits 3 and 7, Plaintiff does not dispute the accuracy or reliability of either Exhibit or its source, nor does he challenge that these Exhibits are a matter of public record.  *See* RJN Opp. at 4.  Plaintiff's sole objection is that, in his opinion, Exhibits 3 and 7 are "irrelevant."  *Id.* at 2. While neither Exhibit is necessary for the Court to dismiss Plaintiff's claims, each Exhibit provides necessary context for Plaintiff's deficient allegations that distort reality.  The Court should therefore consider Exhibits 3 and 7 in adjudicating Defendants' motion to dismiss.

**Exhibit 3 (Yahoo! Chart).**  Courts routinely take judicial notice of a public company's historical stock price, as that information is both publicly available and cannot reasonably be questioned.  *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (holding that courts may judicially notice "stock price data compiled by [a reliable financial] news service"); *In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 264 n.3 (3d Cir. 2005) ("We can take judicial notice of [a company's] stock prices . . . because these facts are not subject to reasonable dispute [and

are] capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned"); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 600 n.3 (3d Cir. 2000) (taking judicial notice of stock prices).  Plaintiff does not dispute that the Court may consider historical stock prices during the relevant time period.  Opp. at 3-4.  Nor does Plaintiff dispute that the stock price values reflected in Exhibit 3 are accurate.  *Id.*  Instead, Plaintiff claims Shift4's stock price cannot be considered because Shift4's success is irrelevant.  *Id.* at 3.  But Plaintiff's entire case depends on having been harmed by a purportedly fraudulent misclassification of customer acquisition costs as investing activities rather than operating activities.  Shift4's stock price at various points in time, including when the SEC first raised a question about the classification during the class period, provides helpful context to the Court in assessing this action as a whole. Plaintiff cannot avoid the Court considering the content and context of publicly available information for what was known to the market in connection with a motion to dismiss just because it does not fit Plaintiff's misleading presentation of his theory.  Because Plaintiff does not—and cannot—argue that Exhibit 3 cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), the Court should consider this Exhibit in adjudicating Defendants' motion to dismiss.

**Exhibit 7 (Forbes Profile).**  Consideration of Exhibit 7, a publicly available Forbes profile on Mr. Isaacman, is similarly proper under Federal Rule of Evidence 201(b)(2).  *See Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (taking judicial notice of the fact "that the market was aware of the information contained in news articles submitted by the defendants").  Plaintiff again does not dispute the accuracy or reliability of Exhibit 7, and instead states his disagreement with Exhibit 7's relevance.  RJN Opp. at 2.  But Plaintiff's allegations make Mr. Isaacman's wealth relevant.  Key to Plaintiff's fraud theory is the

allegation that Mr. Isaacman engaged in a fraudulent scheme from at least 2018 in order to earn marginally more money as a public company CEO beginning in 2020 and to avoid having to pay back a margin loan for some unstated amount based on an unidentified hypothetical threat from the unnamed lender at some point in 2022.  Plaintiff cannot ignore, as he hopes, that Mr. Isaacman is a billionaire.  Investors would be aware of that information including through public articles like the Forbes Profile in Exhibit 7, and in turn, would consider that information alongside information about Mr. Isaacman's publicly disclosed compensation and margin loan.  Again, because Plaintiff does not challenge that Exhibit 7 "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), the Court can consider Exhibit 7 for the information that was provided to the market.

## III.    CONCLUSION

Defendants request that the Court consider each of their Exhibits in connection with adjudicating Defendants' motion to dismiss.

Dated: November 18, 2024

**FITZPATRICK LENTZ & BUBBA, P.C.**

*/s/ Joshua A. Gildea*
Joshua A. Gildea (SBN 205911)
Two City Center
645 West Hamilton Street, Suite 800
Allentown, Pennsylvania 18101
Telephone: (610) 797-9000
jgildea@flblaw.com

**LATHAM & WATKINS LLP**

Melanie M. Blunschi (admitted *pro hac vice*)
Daniel R. Gherardi (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
melaine.blunschi@lw.com
daniel.gherardi@lw.com

Benjamin Naftalis (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
benjamin.naftalis@lw.com

*Attorneys for Defendants*