**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT BAER, Individually and on Behalf of All Others Similarly Situated, | Case No.  5:23-cv-03206-JFL |
| Plaintiff, | Hon. Joseph F. Leeson, Jr. |
| v. | |
| SHIFT4 PAYMENTS, INC., and JARED ISAACMAN, | |
| Defendants. | |

**RESPONSE TO DEFENDANTS' SUBMISSION**
**REGARDING COMPLIANCE WITH RULE 11(b)**

**POMERANTZ LLP**
Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
Emily C. Finestone (SBN 323709)
Dean P. Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
bszydlo@pomlaw.com
efinestone@pomlaw.com
dferrogari@pomlaw.com

**THE SCHALL LAW FIRM**
Rina Restaino (admitted *pro hac vice*)
2049 Century Park East, Suite 2460
Los Angeles, California 90067

Telephone: (424) 303-1964
rina@schallfirm.com

*Co-Lead Counsel for Plaintiffs*

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Additional Counsel for Plaintiff Alfred O'Meara*

Lead Plaintiff Robert Baer ("Lead Plaintiff") and Plaintiff Alfred O'Meara (collectively, "Plaintiffs") respectfully submit this memorandum of law in response to Defendants' Submission Regarding Compliance with Rule 11(b) and in further support of their Memorandum of Law Under 15 U.S.C. § 78u-4(c)(1) Regarding Compliance with Rule 11(b) of the Federal Rules of Civil Procedures. ECF Nos. 58-59.[1]

Plaintiffs explained in their opening brief the factual and legal support for their claims and how Plaintiffs and their counsel complied with Rule 11(b) at all times during this litigation. ECF No. 58. While Defendants dispute that Plaintiffs' claims "ever had any merit," they agree that Plaintiffs and their counsel acted in good faith and "conducted themselves in accordance with Federal Rule of Civil Procedure Rule 11(b) throughout this matter." ECF No. 59 at 1. Defendants' submission thus reiterates their litigation position while supporting the finding that Plaintiffs and their counsel complied with Rule 11(b). Defendants' agreement that Plaintiffs and their counsel complied with Rule 11(b) throughout this litigation is a compelling reason for the Court to reach that same conclusion. ECF No. 58 at 22.

Moreover, as Plaintiffs explained in their opening brief, they not only complied with Rule 11(b), but also had a strong basis to bring their claims. The Court held, over Defendants' objections, that Plaintiffs adequately alleged the key elements of falsity and loss causation as to Shift4's "substantial" financial restatement, which "rendered the prior classification of customer acquisition costs misleading." ECF No. 58 at 1-2. Although the Court found, under the heightened pleading standards that applied, that Plaintiffs did not adequately allege the falsity of other

---

[1] Unless otherwise defined or stated, all capitalized terms used herein have the meanings as provided in the Second Amended Complaint (ECF No. 45) and Plaintiffs' opening brief (ECF No. 58). All internal citations and quotation marks are omitted, and emphases are added, unless noted otherwise below.

statements related to Shift4's strategic buyout initiative, or the element of scienter, Plaintiffs based these claims on factual allegations in the Complaints and non-frivolous legal arguments that are warranted by existing law. ECF No. 58 at 12-14, 16-21. For example, the Court recognized the "size and scope of Shift4's restatement," the "noteworthy additions" that Lead Plaintiff included in the SAC to support a strong inference of scienter, and that the scienter allegations in the SAC were "more particular than the facts of" *In re Hertz Glob. Holdings Inc.*, 905 F.3d 106 (3d Cir. 2018). ECF No. 58 at 16-17. The Court also accepted the factual allegations in the Complaints as true and did not suggest that the underlying allegations were "misquoted or mischaracterized the sources they purported to quote" or reference. ECF No. 58 at 13, 20-21 (quoting *In re Honeywell Int'l Inc. Consol. S'holder Litig.*, 2024 WL 3487855, at *5 (D. Del. July 19, 2024)).

Plaintiffs also explained why their scienter allegations were warranted despite the Court's rejection of their motive arguments, including the Court's conclusion that the motive theory related to Shift4's IPO contributed to the inference of scienter and that "motive is not dispositive in a scienter analysis," as well as Plaintiffs' explanation that the margin call theory did not contradict the IPO theory of motive and that Lead Plaintiff is permitted to plead in the alternative. ECF No. 58 at 16-19.

Similarly, while the Court held that Plaintiffs did not adequately allege the falsity of Defendants' statements concerning the strategic buyout initiative under the heightened pleading standards of the PSLRA and for opinion statements, Plaintiffs supported these claims based on factual allegations from the Blue Orca Report and CW-3, case law concerning the credibility of short seller reports and confidential witnesses, and good-faith arguments concerning why these were statements of fact rather than opinion. ECF No. 58 at 19-20.

For these reasons, and those explained in Plaintiffs' opening brief, Plaintiffs' and their

2

counsel acted in good faith at all times by making factual allegations that did not "utterly lack[] evidentiary support" and legal arguments that were not "patently unmeritorious or frivolous." *Rabin v. Nasdaq Omx Phlx LLC*, 2016 WL 3914031, at *2, *4 (E.D. Pa. July 20, 2016). This case does not present the type of "exceptional circumstance[s]" that warrant sanctions. *Brice v. Hoffert*, 2019 WL 3712013, at *2 (E.D. Pa. Aug. 7, 2019) (Leeson, Jr., J.). The Court should therefore adopt Plaintiffs' proposed findings of fact and conclusions of law in their opening brief, and conclude that Plaintiffs and their counsel complied with Rule 11(b) in this action.

Dated: February 27, 2025                    Respectfully submitted,

**POMERANTZ LLP**

 */s/ Brenda Szydlo*
Jeremy A. Lieberman (admitted *pro hac vice*)
Brenda Szydlo (admitted *pro hac vice*)
Emily C. Finestone (SBN 323709)
Dean P. Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
bszydlo@pomlaw.com
efinestone@pomlaw.com
dferrogari@pomlaw.com

**THE SCHALL LAW FIRM**

 */s/ Rina Restaino*
Rina Restaino (admitted *pro hac vice*)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
rina@schallfirm.com

*Co-Lead Counsel for Plaintiffs*

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010

3

Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Additional Counsel for Plaintiff Alfred O'Meara*

4