UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFRED O'MEARA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SHIFT4 PAYMENTS, INC., JARED ISAACMAN, NANCY DISMAN, and BRADLEY HERRING,<br><br>Defendants. | Case No. 5:23-cv-03206-JFL |
| ROBERT BAER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SHIFT4 PAYMENTS, INC., JARED ISAACMAN, NANCY DISMAN, and BRADLEY HERRING,<br><br>Defendants. | Case No. 5:23-cv-03969-JFL |

**O P I N I O N**

**Joseph F. Leeson, Jr.**  March 3, 2025
**United States District Judge**

I.     **INTRODUCTION AND BACKGROUND**

Since the Court writes for the parties, it need not restate the full factual and procedural background of the case. Instead, the Court notes the following.

Two separate class action securities suits against Shift4 were filed in this Court and docketed at 5:23-cv-3206 and 5:23-cv-3969. On November 3, 2023, this Court entered an Order

consolidating the suits, appointing Robert Baer the Lead Plaintiff, and approving both Pomerantz LLP and The Schall Law Firm as Co-Lead Counsel for the class. *See* ECF Nos. 16-17. On January 5, 2024, Plaintiffs filed an Amended Complaint which asserted the following three counts: in Count I, a violation of Section 10(B) of the Exchange Act and Rule 10b-5(b) promulgated thereunder; in Count II, a violation of Section 10(B) of the Exchange Act and Rules 10b-5(a) and (c) promulgated thereunder; and in Count III, a violation of Section 20(a) of the Exchange Act. *See* ECF No. 35.

On February 19, 2024, Defendants moved to dismiss the Amended Complaint, arguing that Plaintiffs failed to sufficiently plead any material misrepresentation, the element of scienter, or loss causation and that Plaintiffs' claims for scheme and control person liability were likewise insufficiently pled. *See* ECF No. 39. In its August 14, 2024, Opinion and Order, this Court, in part, agreed, holding that Plaintiffs failed to sufficiently plead the element of scienter and that without a primary violation in Counts I or II, the claim for control person liability also failed. *See* ECF Nos. 43, 44. The Court dismissed the Amended Complaint without prejudice. *Id*.

On September 3, 2024, Plaintiff filed a Second Amended Complaint asserting violations of Section 10(B) of the Exchange Act and Rule 10b-5(b) promulgated thereunder as well as Section 20(a) of the Exchange Act. *See* ECF No. 45. On October 1, 2024, Defendants again moved to dismiss. *See* ECF No. 50. In an Opinion and Order entered January 22, 2025, this Court again dismissed the claims for failure to adequately plead the element of scienter — that time, with prejudice. *See* ECF Nos. 56, 57. As part of its Order granting the Second Motion to Dismiss, the Court ordered the parties to file briefs addressing the Court's obligations under 15 U.S.C. § 78u-4(c)(1). *Id*. That issue is fully briefed and ready for disposition. *See* ECF Nos. 58-60. For the reasons that follow, the Court finds that sanctions are inappropriate.

II.     **LEGAL STANDARDS**

   A.     **The Private Securities Litigation Reform Act's Mandatory Review for Sanctions – Review of Applicable Law**

The Private Securities Litigation Reform Act was enacted, in part, "to curb frivolous, lawyer-driven litigation, while preserving investors' ability to recover on meritorious claims." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.,* 551 U.S. 308, 322 (2007).  The PSLRA provides that, "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion."  15 U.S.C. § 78u-4(c)(1).  If the Court finds that a Rule 11 violation occurred, it "*shall* impose sanctions."  *Id*. at § 78u-4(c)(2) (emphasis added).  However, the PSLRA does not alter the substantive standards for Rule 11 sanctions.  *See Rabin v. Nasdaq Omx Phlx LLC*, No. CV 15-551, 2016 WL 3914031 at *2 (E.D. Pa. July 20, 2016).

   B.     **Federal Rule of Civil Procedure 11 — Sanctions — Review of Applicable Law**

Rule 11 of the Federal Rules of Civil Procedure provides that the court may sanction an attorney or party for presenting to the court "a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—" for an improper purpose, asserting frivolous arguments, or alleging facts that lack evidentiary support. *See* Fed. R. Civ. P. 11(b)-(c). "The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances, *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 [ ] (1991), with reasonableness defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that

the claim was well-grounded in law and fact.' *Jones v. Pittsburgh National Corp.*, 899 F.2d [1350, 1359 (3d Cir. 1990) ]." *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 289 (3d Cir. 1991). "The wisdom of hindsight should be avoided; the attorney's conduct must be judged by what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Mary Ann Pensiero v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988) (internal quotations omitted). Any doubt as to the filer's reasonable belief or inquiry should be resolved in favor of the party charged with the violation." *Sanders v. Hale Fire Pump Co.*, C.A. No. 87-2468, 1988 WL 58966, at *1, 1988 U.S. Dist. LEXIS 5239, at *2-3 (E.D. Pa. June 1, 1988). "Sanctions are to be applied only 'in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous.'" *Ario v. Underwriting Members of Syndicate 53*, 618 F.3d 277, 297 (3d Cir. 2010) (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).

### III.   ANALYSIS

Having reviewed the relevant submissions, the Court finds that each party and each attorney complied with Rule 11 and that sanctions are unwarranted.  Looking toward Counsels' obligations under Rule 11(b), the Court cannot find a violation of any subparagraph.  At the outset, the Court notes that there has been no allegation that any filing was presented to "harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  The considerable hours and resources Plaintiffs and Counsel put into this case wholly obviates any inference of an improper purpose.  *See* ECF No. 58-1, 2 (detailing the +1,000 hours spent litigating this matter and the services retained in that effort.)  Further, all filings advanced "claims, defenses, and other legal contentions . . . warranted by existing law."  Fed. R. Civ. P. 11(b)(2).  While the Court found in favor of Defendants, Plaintiffs' claims were not "patently

unmeritorious or frivolous." *Ario*, 618 F.3d at 297.  As noted, in its Opinion resolving the first Motion to Dismiss, the Court sided with Plaintiffs on two of the three contested elements, finding that the Amended Complaint was sufficient to plead both a material misrepresentation and loss causation.  *See Baer v. Shift4 Payments, Inc.*, No. 5:23-CV-3206, 2024 WL 3836676 (E.D. Pa. Aug. 14, 2024).  Finally, neither Plaintiffs nor their Counsel made any factual contentions or unwarranted denials of any factual contention.  *See* Fed. R. Civ. P. 11(b)(3)-(4).

While the Court ultimately dismissed the claims with prejudice, "Rule 11 sanctions do not inexorably follow from losing a case." *Rabin*, 2016 WL 3914031, at *2.  Indeed, Defendants do not contend Plaintiffs or their counsel have violated their Rule 11 obligations.  *See* ECF No. 59.  This suit ultimately turned on the scienter element, the arguments on which, across all filings, were simply not frivolous.  Indeed, the Court found that Plaintiffs adduced *some* evidence tending to suggest scienter.  *Baer*, 2024 WL 3836676 at *10.  While the claim fell well short on the holistic *Tellabs* analysis, it did not fall so short as to warrant sanctions.  Rather, this was a well-litigated case in which the scope and clarity of the parties' briefings helped the Court narrow the points at issue.

A separate Order follows.

                                              BY THE COURT:

                                              */s/ Joseph F. Leeson, Jr.*
                                              JOSEPH F. LEESON, JR.
                                              United States District Judge